UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-239-TBR

**WALTER J. RHODES,**                                                                                          **Petitioner,**

**v.**

**CAPT. S. SPAULDING, Warden,**                                                                     **Respondent.**

## MEMORANDUM OPINION

Petitioner Walter J. Rhodes ("Rhodes") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 25, 2016 (DN 1, 1-1). Respondent has moved to dismiss Rhodes's claims as untimely, or, in the alternative, for additional time to file a substantive response to the habeas petition (DN 15). As grounds for the motion to dismiss, Respondent argues that the habeas petition is time-barred. Rhodes filed two responses to the motion to dismiss (DN 16, 17), as well as a motion for default judgment (DN 21). Respondent did not file a reply in support of the motion to dismiss or a response to the motion for default judgment. Both the motion to dismiss and motion for default judgment are ripe for review. For the reasons set forth below, the Court will **grant** the motion to dismiss (DN 15) and **deny** the motion for default judgment (DN 21).[1]

## FINDINGS OF FACT

The Court adopts the facts underlying Rhodes's habeas petition as set forth in the opinion of the Kentucky Court of Appeals affirming the order of the Jefferson (Kentucky) Circuit Court's

---
[1] Additionally, Rhodes filed a motion to change the custodial respondent listed in this action (DN 20) due to his transfer to another detention facility subsequent to initiating this action. (*See* DN 19 (Notice of Change of Address).) While Rule 2(a) of the Rules Governing Section 2254 does provides that, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody," because the Court will grant Respondent's motion dismiss this action with prejudice, the Court finds that Rhodes's motion (DN 20) is moot and will deny it as such.

order denying Rhodes's motion for post-conviction relief. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."). The Kentucky Court of Appeals stated as follows:

> On November 23, 1993, Rhodes pled guilty to charges of trafficking in a controlled substance (cocaine) and use or investment of drug-related income.[2] The trial court subsequently imposed a sentence of eight years' imprisonment, which was probated for a period of five years. [*See* DN 15-2 at 7-8.] In November 1994, the court issued a bench warrant for Rhodes's arrest when he failed to appear at a probation revocation hearing. [*See id.* at 10-11.] Rhodes was not apprehended until June 1999, and he was extradited from Texas to Kentucky. Rhodes was granted shock probation in March 2000; however, his probation was revoked nine months later. [*See id.* at 12-19.]
>
> The Kentucky Parole Board granted Rhodes parole in April 2002. Five months later, he was arrested on federal drug trafficking charges and ultimately received a sentence of twenty years' imprisonment. The Kentucky Parole Board issued a parole violation warrant due to Rhodes's federal conviction and filed a detainer against Rhodes with the Federal Bureau of Prisons.
>
> The circuit court record reflects that, since January 2006, Rhodes has filed at least ten *pro se* motions to set aside his conviction. [*See, e.g.,* DN 15-2 at 20-33.] In April 2013, Rhodes filed a motion to vacate his guilty plea pursuant to RCr 11.42. Rhodes alleged his plea was invalid due to ineffective assistance of counsel and coercion by the prosecution. The circuit court summarily denied the motion [*see* DN 15-2 at 34-35], and th[e] appeal [to the Kentucky Court of Appeals] followed.

(DN 15-2 at 37-38 (opinion of the Kentucky Court of Appeals, No. 2014-CA-936-MR, Rhodes v. Commonwealth (appeal from Jefferson Circuit Court, Action No. 93-CR-2545)).)

---

[2] The "Commonwealth's Offer on a Plea of Guilty," which was signed by Rhodes, provides that on March 15, 1991, Rhodes sold cocaine to a police informant, and that between November 1, 1992 and February 8, 1993, Rhodes used drug proceeds to purchase a 1989 Corvette. (DN 15-2 at 3-4.)

2

The Court of Appeals affirmed the order of the Jefferson Circuit Court. The Court of Appeals "d[id] not reach the merits of Rhodes's appeal because his motion, filed nearly twenty years after his conviction, was untimely and alleged claims that should have been raised in an earlier proceeding." (*Id.* at 39.) In reaching this conclusion, the court relied upon a decision of the Kentucky Supreme Court, *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983), which provides as follows:

> [A] defendant is required to avail himself of RCr 11.42 while in custody under sentence or on probation, parole or conditional discharge, as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding. The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

(DN 15-2 at 39 (quoting *Gross*, 648 S.W.2d at 857).) Rhodes filed a petition for discretionary review by the Kentucky Supreme Court; the petition was denied on February 10, 2016.

On April 25, 2016, Rhodes filed his habeas petition in this Court. Rhodes concedes that he did not file a direct appeal of his state court conviction, but asserts that his attorney at the time failed to file a notice of appeal despite Rhodes having requested that he do so. (DN 1 at 2.) Rhodes asserts five grounds for relief: (*Ground One*) that he was a victim of fraud on the court because the prosecutor who negotiated his guilty plea failed to inform the trial court of other terms of the plea agreement; (*Ground Two*) that his guilty plea was coerced because the prosecutor threatened to take legal action against Rhodes's family members if he did not plead guilty; (*Ground Three*) that his trial counsel failed to file a direct appeal despite Rhodes's specific request that counsel do so; that counsel falsely informed him that his appeal was denied;

3

and that he did not discover counsel's failure to file an appeal until 2013; (*Ground Four*) that these actions by trial counsel constitute ineffective assistance of counsel in violation of the Sixth Amendment; and (*Ground Five*) that his signed waiver of rights form is nonbinding because it was tied to an "invalid plea agreement and invalid plea colloquy[.]" (*See generally* DN 1, 1-1.)

In the motion to dismiss (DN 15), Respondent argues that Rhodes's habeas petition is time-barred. Respondent states that Rhodes failed to directly appeal his conviction, sentence, or shock probation revocation, but rather, waited until 2006 to collaterally attack his conviction with a series of *pro se* motions filed in Jefferson Circuit Court. (*Id.* at 2.) Respondent argues that a one-year statute of limitations for Rhodes to file a 2254 petition began running after Rhodes's judgment of conviction became final on January 22, 1994 (the date when Rhodes's time for filing a direct appeal in the Court of Appeals of Kentucky expired). That is, Respondent argues that the one-year statute of limitations expired on January 22, 1995,[3] (*id.* at 3-4 (relying upon 28 U.S.C. § 2244(d)(1))), and that the statute of limitations was not tolled because Rhodes failed to file a motion to vacate, set aside, or correct his sentence under Kentucky RCr 11.42 during that time period. Respondent argues that Rhodes could have asserted the claims that he asserts in this action over twenty years ago, and therefore, the Court should conclude that his petition is time-barred. (*Id.*)

Rhodes filed two responses to the motion to dismiss. The first is captioned as a letter to Respondent (DN 16). Rhodes states that he objects to an extension of time for Respondent to respond to his petition on the merits. (*Id.* at 2.) Rhodes asserts that the Court decided the

---

[3] The response actually states that the petition was required to be filed by January 22, 199**4** (DN 15 at 4), but based on Respondent's argument in the preceding sentences of that paragraph, the Court construes that as a typographical error, and concludes that Respondent argues that because Rhodes's judgment of conviction became final on January 22, 199**4**, the one-year statute of limitations ran on January 22, 199**5**.

4

timeliness issue in an earlier order (DN 11) and that Respondent is required to respond to his petition on the merits. (DN 16 at 1.) The Court addresses this argument below in relation to Rhodes's motion for default judgment.

In his second response, Rhodes argues that he attempted to appeal or attack his conviction based on prosecutorial misconduct and his attorney's failure to file an appeal, but that the Kentucky state courts did not believe that he only discovered on April 23, 2013 that his attorney failed to file an appeal. (*Id.* at 2-3.) Rhodes contends that the one-year statute of limitations to file a 2254 petition should be equitably tolled from the date of his conviction until his alleged discovery of the lack of direct appeal, "because of defense counsel[']s unprofessional conduct" and because he asserts the existence of fraud on the trial court. (*Id.* at 3.) Specifically, he asks the Court to find that the statute of limitations was equitably tolled from December 1993 until April 23, 2013, ran from April 23, 2013 until December 16, 2013, was tolled from December 16, 2013 to February 10, 2016, "while the petition was in the Kentucky courts," and finally, ran again from February 16, 2016 until he filed his 2254 petition on April 6, 2016. (*Id.* at 4.) According to Rhodes, this amounts to ten months in which the statute of limitations was running, and his April 2016 habeas petition was therefore timely. (*Id.*) Respondent did not file a reply in support of the motion to dismiss. The motion to dismiss is ripe for review.

## CONCLUSIONS OF LAW

A.  **Respondent's Motion to Dismiss**

A one-year statute of limitations applies to a petition for writ of habeas corpus filed by a state prisoner. 28 U.S.C. § 2244(d)(1)(2012), *as amended by* Antiterrorism and Effective Death

Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The applicable provisions state as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be accounted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

As is set forth above, Respondent argues that Rhodes's habeas petition must be dismissed because it is time-barred. In order to determine whether the petition is untimely, the Court must first determine when Rhodes's state-court conviction became final for purposes of Section 2244(d)(1). *See Wilberger v. Carter*, 35 Fed. Appx. 111, 115 (6th Cir. 2002). Respondent argues that Rhodes's state-court conviction became final on the date on which his period for

direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Anderson v. Brunsman*, 562 Fed. Appx. 426, 429 (6th Cir. 2014) (acknowledging rule that where habeas petitioner fails to timely seek review of a state court decision, conviction is final when the time period for filing an appeal expires) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)). Rule 12.04(3) of the Kentucky Rules of Criminal Procedure provides that a petitioner has thirty days from entry of judgment to file a notice of appeal. Ky.R.Crim.P. 12.04(3). In this case, Rhodes pleaded guilty on November 23, 1993. (DN 15-2 at 5-6.) The Jefferson Circuit Court entered the judgment of conviction and sentence on December 22, 1993. (*Id.* at 7-9.) Accordingly, the Court finds that Rhodes's conviction became final on January 22, 1994, after the time for filing a notice of appeal -- 30 days from entry of judgment -- expired. *See* Ky.R.Crim.P. 12.04(3).

Even after the one-year limitations period begins to run, certain post-conviction proceedings in state court will toll the statute. *See McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Specifically, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a *properly filed* application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation[.]" 42 U.S.C. § 2244(d)(2) (emphasis added). The tolling provision does not revive the limitations period or restart the clock; rather, it pauses a clock that has not fully run. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

In this case, Rhodes concedes that he did not file a direct appeal or any other collateral review by January 22, 1994. Indeed, he did not begin filing motions seeking to vacate his sentence -- however such motions were captioned or construed -- until January 2006, a few years

7

after he was sentenced on federal drug-trafficking charges. Additionally, Rhodes concedes that he "absconded" in late 1994 and "was returned" to Kentucky in 1999. (DN 1-1 at 7.) The Kentucky Court of Appeals states with more specificity that in November 1994, the Jefferson Circuit Court issued a bench warrant for Rhodes's arrest after he failed to appear at a probation revocation hearing, and Rhodes was not apprehended until June 1999, when he was extradited from Texas to Kentucky. (DN 15-2 at 37.)

Rhodes now asks the Court to conclude that the one-year statute of limitations was tolled from the date of his conviction, December 22, 1993, until April 23, 2013, when he filed a motion to vacate his guilty plea under Kentucky's RCr 11.42, and again from December 17, 2013 to February 2016, when the Kentucky Supreme Court denied his petition for discretionary review. The Court finds that tolling is not appropriate under Section 2244(d)(1)(A), as Rhodes failed to properly file an application for post-conviction relief or other collateral review during the one-year period after his sentence became final. Rhodes's argument is that the Court should *equitably* toll the statute of limitations based upon either his purportedly very delayed discovery of his trial counsel's failure to file a direct appeal *or* based on fraud on the court perpetrated by the state prosecutor. Based upon the Court's consideration of the pleadings, the record, and relevant authority, the Court finds that this is not an appropriate case for application of equitable tolling.

The AEDPA's one-year limitations period is, under certain circumstances, subject to the doctrine of equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549 (2010). "A petitioner may be entitled to equitable tolling 'only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'"

*Haschenburger v. Kelly*, 2013 U.S. Dist. LEXIS 139326, *8-9 (N.D. Ohio Sept. 27, 2013) (quoting *Holland*, 130 S. Ct. 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). In this case, Rhodes asks the Court to believe that he did not pursue a habeas claim from January 22, 1994 until February 16, 2016, over *22 years*, because of a combination of his trial counsel's alleged misrepresentation that he filed a direct appeal and the prosecutor's alleged fraudulent representations to the sentencing judge.

The Court finds that Rhodes fails to meet his burden as to each prong of the equitable tolling test set forth above. First, he presents no evidence that he took *any* steps to pursue his rights between 1994 and 2006, when he first began filing *pro se* motions in Jefferson Circuit Court, let alone that he pursued his rights diligently. Rhodes's claim that he had no way of knowing that his trial counsel failed to file an appeal strains credulity. Rhodes has shown himself in these proceedings and in his attempted collateral attacks in state court over the past decade to be a clear communicator and assertive in reaching out to the court to inquire about the status of proceedings. To suggest that it would not occur to him to contact the state courts for over a decade because of his trial counsel's word -- and when he had never seen or, apparently, asked for, a written record of a direct appeal -- is not credible. Moreover, Rhodes admits that he "absconded" from the Commonwealth of Kentucky and was returned against his will over four-and-a-half years later. At no point during that significant period of time did he attempt to attack his state sentence by any means. The Court can conceive of a situation in which it would be plausible that a habeas petitioner's lack of knowledge of trial counsel's failure to file a direct appeal would support equitable tolling, but it is certainly unreasonable under the circumstances of this case to toll the statute of limitations as to a judgment that was entered over twenty years

9

before Rhodes filed his petition. *Cf. Wortinger v. Jones*, 2006 U.S. Dist. LEXIS 17882, *3-4 (W.D. Mich. Apr. 10, 2006) (declining to equitably toll habeas limitations period, in part because over a two-year period that he believed a motion for post-conviction review was pending in state court, petitioner only inquired as to the status of the motion two times).[4] "Because this Court is advised to use equitable tolling sparingly in favor of habeas petitioners, *Cook v. Stegall*, 295 F.3d 517, at 521 (6th Cir. 2002), and in light of the fact that [Rhodes] bears the burden of establishing that equity warrants such relief, the Court cannot say that [Rhodes] has diligently pursued his rights." *Wortinger*, 2006 U.S. Dist. LEXIS 17882 at *4.

Second, Rhodes does not point to other extraordinary circumstances that would support equitable tolling. While Rhodes's allegations regarding the state prosecutor's fraud on the court might at first glance suggest extraordinary circumstances, the allegations to do not rise to that level in this case. Rhodes's own words and those of his father, whose affidavit Rhodes submitted in support of habeas corpus relief (DN 1-11), suggest that Rhodes has believed since his conviction in late 1993 that he was the victim of prosecutorial misconduct and fraud on the court. Even if all of Rhodes's allegations regarding the prosecutor were true, Rhodes failed to diligently pursue vacation of his conviction and sentence over the course of many years -- at the very least, for the twelve-year period between sentencing and his first *pro se* motion in Jefferson Circuit Court, and, more realistically in the Court's view, for the nearly twenty-year period between his sentence and his April 2013 RCr 11.42 motion.

A case from the Southern District of New York, *Rhodes v. Senkowski*, 82 F. Supp. 2d 160 (S.D.N.Y. 1999), illustrates the high bar for a finding of exceptional circumstances justifying

---

[4] The court stated, "A truly diligent habeas petitioner would have inquired further as to why his motion was not in front of the court, or at least inquired more than twice during the two years his motion was presumed to be pending before the court and yet hearing no response. *Id.* at *4.

equitable tolling. After a review of case law involving petitioners asserting illness as an exceptional circumstance sufficient to toll a statute of limitations, the court concluded that the petitioner's allegations of physical and mental complications of AIDS, including "extreme headaches, depression, hypertension, weight loss, a fungal infection and 'atypical chest disorder,'" were insufficient. *Id.* at 169. The court stated that "the mere fact that [petitioner] suffered with physical and mental ailments during the one-year period is insufficient to toll [it]; [he] must show that these medical problems rendered him unable to pursue his legal rights during the relevant time period." *Id.* at 169-70; *see also Rhodes v. Senkowski*, 82 F. Supp. 2d (S.D.N.Y. 2000) (upholding magistrate judge's determination and dismissing habeas petition as untimely). In this case, Rhodes has not shown that the alleged actions of the state prosecutor or Rhodes's trial counsel rose to such a level that they could appropriately be deemed exceptional circumstances. In particular, Rhodes has not shown that the state prosecutor's actions affected his ability to pursue his legal rights at any time since he became aware of the alleged misconduct or fraud.

Based upon the foregoing, the Court concludes that Rhodes's habeas petition is untimely and not subject to equitable tolling. Accordingly, the Court will grant Respondent's motion to dismiss (DN 15).

    **B.**    **Rhodes's Motion for Default Judgment**

On December 15, 2016, Rhodes filed a motion for default judgment (DN 21). As grounds for the motion, Rhodes argues that Respondent has had multiple opportunities to respond on the merits, but instead, Respondent merely argues in the motion to dismiss that the habeas petition should be dismissed as time-barred. (*Id.*) Rhodes argues that the Court

previously ordered Respondent to respond on the merits. The Court disagrees. The Court entered an order for Rhodes to show cause as to why his habeas petition should not be denied and the action dismissed as time-barred (DN 5). Rhodes timely responded (DN 7), arguing that the applicable one-year statute of limitations (*see* 28 U.S.C. § 2244(d)(1), (2)) should be equitably tolled. Subsequently, the Court concluded its routine preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and ordered that Rhodes's habeas petition be forwarded to Respondent and that Respondent file an answer within forty days (DN 11). Rhodes apparently interprets that order as a requirement that Respondent fully address his arguments on the merits. This is an incorrect interpretation.

First, Rhodes appears to suggest that because the Court ordered Respondent to respond to the habeas petition, it concluded that his petition is not time-barred. This is not the case. Rule 4 of the Rules Governing Section 2254 Cases provides that unless "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . . the judge must order the respondent to file an answer, motion, or other response[.]" Accordingly, where preliminary review does not lead to an order of dismissal based on the face of the petition and exhibits thereto, the Court issues an order that the respondent file a response. This does not amount to a finding by the Court that there is no meritorious procedural argument. Indeed, it leaves open the possibility of the respondent filing any type of formal response to the habeas petition.

Second, quoting Rule 5 of the Rules Governing Section 2254 Cases, the Court ordered Respondent to "address the allegations in the petition . . . [and] state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a

statute of limitations." (DN 11 at 1.) With the motion to dismiss, Respondent makes a coherent argument that the habeas petition is time-barred. Further, Respondent requests that if the Court concludes that the petition is not time-barred, it provide Respondent with an opportunity to respond on the merits. (*See generally* DN 15.) While Rhodes's frustration that Respondent did not respond on the merits is perhaps understandable, so too is Respondent's approach. If a habeas respondent prevails on a motion to dismiss on procedural grounds, then the court does not proceed to the respondent's arguments on the merits. In the interest of conserving state resources, it is reasonable for Respondent to address first the procedural argument; then, if it prevails, Respondent need not expend government resources in making arguments on the merits. Accordingly, the Court finds that Respondent's approach was reasonable under the particular circumstances of this case.

Finally, the Court notes that Rhodes points to a "letter" to Respondent "notifying [Respondent that] the Court[']s order specifically stated to respond to the merits" as one instance in which Respondent was notified of its purported obligation to respond on the merits. The Court assumes that this is a reference to Rhodes's first response to the motion to dismiss (DN 16). The Court, not an opposing party, is the only entity that may issue orders or notices in this action. Any attempt by Rhodes to remind Respondent of obligations (as he interprets them) pursuant to court orders is not binding on Respondent.

Based upon the foregoing, Rhodes's motion for default judgment (DN 21) is **denied**.

C.     **Certificate of Appealability**

Before Rhodes may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in this case that jurists of reason could not find its procedural ruling to be debatable. Therefore, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

cc: Counsel of record
 Petitioner, *pro se*