UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00239-TBR

WALTER RHODES,                                                                PETITIONER

v.

JACK CONWAY, et al.,                                               RESPONDENTS

**Memorandum Opinion**

This matter comes before the Court on Motion by Petitioner Walter Rhodes, ("Petitioner"), for reconsideration of this Court's previous Memorandum Opinion & Order dismissing his habeas corpus petition. [DN 26.] This matter is ripe for adjudication and, for the reasons that follow, **IT IS HEREBY ORDERED** that Petitioner's Motion, [DN 26], is **DENIED**.

**A. Background**

The following factual background summary is taken largely from this Court's previous Memorandum Opinion and Order granting Respondent's Motion to dismiss. Therein, this Court adopted the findings of the Kentucky Court of Appeals, which provided the following background on the case:

> On November 23, 1993, [Petitioner] pled guilty to charges of trafficking in a controlled substance (cocaine) and use or investment of drug-related income. The trial court subsequently imposed a sentence of eight years' imprisonment, which was probated for a period of five years. In November 1994, the court issued a bench warrant for [Petitioner's] arrest when he failed to appear at a probation revocation hearing. [Petitioner] was not apprehended until June 1999, and he was extradited from Texas to Kentucky. [Petitioner] was granted shock probation in March 2000; however, his probation was revoked nine months later.
>
> The Kentucky Parole Board granted [Petitioner] parole in April 2002. Five months later, he was arrested on federal drug trafficking charges and ultimately received a sentence of twenty years' imprisonment. The Kentucky Parole Board

1

> issued a parole violation warrant due to [Petitioner's] federal conviction and filed a detainer against [Petitioner] with the Federal Bureau of Prisons.
>
> The circuit court record reflects that, since January 2006, [Petitioner] has filed at least ten *pro se* motions to set aside his conviction. In April 2013, [Petitioner] filed a motion to vacate his guilty plea pursuant to RCr 11.42. [Petitioner] alleged his plea was invalid due to ineffective assistance of counsel and coercion by the prosecution. The circuit court summarily denied the motion, and the appeal to the Kentucky Court of Appeals followed.

[DN 24, at 2 (internal citations omitted).]

Petitioner initially filed a habeas corpus petition with this Court on April 25, 2016. [DN 1.] The Court dismissed his petition on September 26, 2017, [DNs 24, 25], finding that the statute of limitations under the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), had lapsed and that this was not an appropriate case to which to apply the doctrine of equitable tolling. In his instant Motion, Petitioner argues that, although the Court reached the equitable tolling issue, it failed to properly consider his "Hazel-Atlas fraud" claim, and so should reconsider its previous decision and find in his favor on this second claim. [*See* DN 26.]

**B. Legal Standard**

The Sixth Circuit Court of Appeals has held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented to the Court. *See Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir 2008) (citations omitted). Nor should a Rule 59 motion be made "merely [to] restyle or rehash the initial issues." *White v. Hitachi, Ltd.*, No. 3:04-cv-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (citations omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citations omitted).

Accordingly, the Sixth Circuit Court of Appeals has instructed that a motion for reconsideration should be granted only on four specific grounds: "[u]nder Rule 59, a court may

2

alter or amend a judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Additionally, due to the fact that there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-cv-171, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Mat., Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

## C. Discussion

Petitioner states as the grounds for the instant Motion that this Court failed to give adequate consideration to one of the claims in his petition, namely, that fraud had been committed upon the state court in obtaining his original guilty plea. Fraud on the court is defined "as conduct 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)).

As the Sixth Circuit Court of Appeals has instructed, "cases of fraud upon the court are excepted from the requirements of section 2244."[1] *Workman v. Bell*, 227 F.3d 331, 335 (6th Cir. 2000). The *Workman* Court explained the rationale for this exemption:

> First, the requirements of section 2244 place the burden on the petitioner to prove that the outcome of his case would have been different in the face of new evidence, forcing him to prove that his first trial was fundamentally unfair. In

---

[1] Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations period placed upon "person[s] in custody pursuant to the judgment of a State court" during which time they may file "an application for a writ of habeas corpus."

3

most cases, this burden lies with the prisoner because it would have been his duty to search for and argue the evidence in his favor at the time of trial. Prisoners bear that duty in order to avoid subjecting the courts to repeated relitigation due to the submission of evidence which could have been discovered earlier…In a case of fraud upon the court,…the legitimacy of the judgment is called into question because of the intentional wrongdoing of the prosecution, not the inaction or inefficiency of the defense. Where a prisoner can show that the state purposefully withheld exculpatory evidence, that prisoner should not be forced to bear the burden of section 2244, which is meant to protect against the prisoner himself withholding such information or intentionally prolonging the litigation.

Second, the Court noted that a fraud upon the court calls into question the very legitimacy of a judgment. That characterization of the situation which arises when the prosecution fails to reveal exculpatory evidence to the defense would seem to satisfy, at least in spirit, the requirement of section 2244. The difference between questions of fraud upon the court and ordinary newly-discovered evidence situations is that an allegation of fraud casts a dark shadow over the prosecution's intentions. The situation suggests that a judgment may have been reached with the assistance of a prosecutor who may not have had the intention of finding the true perpetrator. Such a judgment is inherently unreliable, and therefore satisfies the requirements of section 2244 in spirit.

*Id.* Petitioner refers to his claim as a "*Hazel-Atlas* claim"[2] throughout the instant Motion, and alleges that, in his underlying state court case, "[t]he prosecutor presented audio tapes which [Petitioner's] voice was suppose[d] to be on, but was not as evidence [sic]; [t]he petitioner was coerced into pleading guilty to discontinue family harassment and threats; [Petitioner] was threatened to relinquish $50,400.00, a corvette, and plead guilty to this case." [DN 26, at 1.] Further, Petitioner alleges that "the prosecutor intentionally hid the 'other terms' from the plea agreement to deceive the court; and when specifically asked, the prosecutor lied to the plea court about the terms of the plea." [*Id.* at 1-2.] Again, all of these allegations pertain to Petitioner's original conviction for Trafficking in a Controlled Substance First Degree and Use or Investment of Drug Related Income in 1993 in state court.

---

[2] In *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), the Supreme Court held that "[t]he power to grant '[e]quitable relief against fraudulent judgments is not of statutory creation,'" *Fierro v. Johnson*, 197 F.3d 147, 152 (quoting *Hazel-Atlas*, 322 U.S. at 248), and it has repeatedly found that "federal courts possess the inherent power 'to vacate their own judgments upon proof that a fraud has been perpetrated upon the court.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Hazel-Atlas*, 322 U.S. at 238)).

In *Buell v. Anderson*, 48 F. App'x 491, 499 (6th Cir. 2002), the Sixth Circuit, reiterating a point it reached in *Workman*, made clear that "for a claim of fraud on the court to succeed, the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Id.* (citing *Workman*, 227 F.3d at 336, 341); *see also Patterson v. Anderson*, No. 2:79-cv-71861, 2018 WL 747704, at *4 (E.D. Mich. Feb. 7, 2018) (denying petitioner's motion where his claims of fraud were directed at a state judge, state prosecutors, and his underlying defense counsel, and citing *Buell* in support of that decision). Here, the alleged miscreant is a state prosecutor, never alleged by Petitioner to have been a part of these federal habeas proceedings, which were commenced roughly twenty-three years later; this "is sufficient to bar a claim of fraud upon the court based on [that prosecutor's alleged] conduct." *Id.* at 500. *See also Workman*, 227 F.3d at 341 ("If there was any fraud on the court with regard to the testimony of Davis [eyewitness in state trial], that would have been a fraud upon the state court, and should be presented to that court, not to our court."). Here, Petitioner has failed to allege, or otherwise show, that any fraud was committed upon the federal habeas court, and so the Court will deny his Motion.

### D. Conclusion

For the reasons stated in this Memorandum Opinion, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration, [DN 26], is **DENIED.** The instant action is **DISMISSED with prejudice**.

The Court will enter a separate Order consistent with this Memorandum Opinion.

cc: Counsel of Record

    Walter Rhodes, *pro se* petitioner

5